NOT RECOMMENDED FOR PUBLICATION OR CITATION

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION at COVINGTON

**CIVIL ACTION NO. 08-CV-045-WOB**

**GARY C. GAMBLE, JR.**                              **PLAINTIFF**

**VS.**                 **MEMORANDUM OPINION AND ORDER**

**KENTON COUNTY DETENTION CENTER, et al,**        **DEFENDANTS**


On March 14, 2008, Gary C. Gamble, Jr., an individual incarcerated at the Kenton County Detention Center ("KCDC") in Covington, Kentucky, submitted the instant prisoner *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983, and a Motion to Proceed *in forma pauperis*. The Motion will be granted in a separate Order. The Court notes from the Plaintiff's recent notices of changes of address that he was released from the KCDC and placed in the Campbell County Detention Center, in Newport, Kentucky, some time later in March.

The Complaint is now before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). In the Court's screening, as with all pleadings submitted by *pro se* litigants, the Complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his Complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

<u>CLAIMS</u>

The Plaintiff's allegations state or suggest that in not providing a law library for inmate use, the KCDC and its employees (1) violated his rights under federal law by blocking his access to the courts, hindering him from "fighting his case," and denying him equal protection of the law; (2) contravened the Constitution of the Commonwealth of Kentucky; and (3) put themselves in contempt of court by not complying with an order of "the Federal Judge Johnstone" issued "many years ago in the Federal Court."

<u>DEFENDANTS</u>

Plaintiff has named fourteen (14) Defendants.  These include the KCDC itself and the following named employees of the KCDC: Head Jailer Terry Carl; Captain Mark Moore; Captain Warner Stilt; Captain Gerald McCullough; Sgt. Miller; Mrs. Melissa Freeman; a Sgt. Colwell or Sgt. Colman; Correctional Officers Bell, Colvin, Thoman, and England; Lt. Roberts; and Ms. Finn.

<u>RELIEF REQUESTED</u>

Plaintiff asks for injunctive relief in the form of the Court requiring the KCDC to buy a legal library, and he also states that he is suing "all Defendants in their personal and professional compassity [sic]," which the Court construes as a demand for damages from the Defendants officially and individually.

<u>FACTUAL ALLEGATIONS</u>

The following is a summary or construction of the allegations presented in the Plaintiff's completed complaint form, pages attached thereto, and additional allegations in his Motion to Proceed *in forma pauperis*.  Record Nos. 2-3.

Plaintiff was placed in the KCDC [also referred to as "the Jail"] on January 10, 2008, and, as the Court has stated above, he was there for approximately two months.  He claims that upon his placement there, he quickly discovered that the facility has no law library, although he also claims that there was a law library but it had only one book, the Kentucky statutes.  Regardless, he proceeded to bring to personnel's attention that they are required to provide a law library for prisoners, but the stock response was that the KCDC had never had one and was not required to have one.  Gamble also contends that he wrote a formal grievance in January and/or February, to which he was supposed to receive a response in five (5) days, but as of the signing and dating of his Complaint, on March 12, 2008, he had received no response.

With regard to the individual Defendants' actions, the Plaintiff sets out the dates on which he complained to each one about the lack of a law library at the Jail.  To some, he stated that he would take them to federal court because "[for] so many years they have been in contemp[t] of court for not having a legal library."  Because there is no law library, Plaintiff alleges, he and the other inmates lack a means "to look up our cases's [sic] and to be able to fight in open court."  He charges that the Defendants are abridging his right to obtain redress in the courts, including in this action, for which the Defendant Jailer has refused to return his grievance so he can file it herein.

<u>DISCUSSION</u>

To establish a right to relief under 42 U.S.C. § 1983, a plaintiff must plead and prove two essential elements.  He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street*

*v. Corr.Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

As to the first of these requirements, the instant Section 1983 Plaintiff claims that his Constitutional rights are abridged because the KCDC has no law library. The court construes this claim as one under the First Amendment, the right of access to the courts. In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court of the United States wrote that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828. However, "[p]risoners may not dictate to the state the method by which access to the courts will be assured." *Penland v. Warren County Jail*, 759 F.2d 524, 531 n.7 (6th Cir. 1985) (*en banc*).

In short, the State has the option of where and when and how inmates may be assisted in accessing the courts. A law library is not required under the First Amendment. The United States Court of Appeals for the Sixth Circuit has specifically held that a First Amendment claim must be based upon an actual denial of access to the courts rather than access to a law library. *See Childs v. Pellegrin*, 822 F.2d 1382, 1385 (6th Cir. 1987).

Nor does the First Amendment require that a State provide legal assistance for anything other than the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus. *See Bounds*, 430 U.S. at n.17. As another district court has recently written,

> The essence of this right [of access] is, however, the access itself, not the convenience of the access. Convenience is not a right of constitutional magnitude. *[Walker v.] Mintzes*, 771 F.2d [920 (6th Cir. 1995) at 932]. Any inconvenience an inmate experiences in handling a lawsuit is merely 'part of the penalty that criminal

4

offenders pay for their offenses against society.' *Rhodes v. Chapman*, 452 U.S. 337, 347 . . . (1981).

*Ishaaq v. Compton*, 900 F. Supp. 935, 941 (W.D. Tenn. 1995).

Further, a plaintiff fails to state a claim of First Amendment denial of right of access to courts unless he has shown actual prejudice to underlying litigation. *See Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). A *pro se* litigant alleging denial of access to the courts must establish that either his defense[1] or other pending civil matters have been prejudiced by the alleged denial of access. *See Flittie v. Solem*, 827 F.2d 276, 280 (8th Cir. 1987) (*per curiam*). In *Kensu v. Haigh*, 87 F.3d 172 (6th Cir. 1996) also, the appellate court in this circuit said of stating an access to courts claim:

> Prison officials may not erect any barriers that impede an inmate's access to the courts. *Knop v. Johnson*, 977 F.2d at 1009. An inmate who claims his access to the courts was denied fails to state a claim without any showing of prejudice to his litigation. *McMaster v. Pung*, 984 F.2d 948, 953 (8th Cir. 1993); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985).

*Id.* at 175. In the instant case the Plaintiff does not show that there has been prejudice to any criminal or civil litigation of his as a result of not having access to a law library during his two months at the KCDC. Consequently, he has not effectively set forth an access to courts claim. *Lewis v. Casey*, 518 U.S. 343 (1996).

As with other alleged civil rights claims, a prisoner "must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights." *Weaver v. Wilcox*, 650 F.2d 22, 27 (3rd Cir.

---

[1] Whether Plaintiff has been convicted or is a pretrial detainee is not clear. Even if he is currently a detainee anticipating trial, however, he has no First Amendment access to courts claim if he has had appointed defense counsel at all times during the complained of events. *See Johnson-el v. Schoemehl*, 878 F.2d 1043, 1052 (8th Cir. 1989). Similarly, when a *pro se* criminal defendant is denied access to legal materials but a public defender's office is available to conduct research and give advice, there is no constitutional violation regarding access to the courts. *Caton v. Maze*, 995 F.2d 881 (8th Cir.) (per curiam), *cert. denied*, 114 S. Ct. 447 (1993).

1981) (citing *Singleton v. Wulff*, 428 U.S. 106 (1976) (*Jus tertii* rule) and *Warth v. Seldin*, 422 U.S. 490 (1975)).  "A plaintiff's standing must be premised upon more than hypothetical speculation and conjecture that harm will occur in the future."  *O'Shea v. Littleton*, 414 U.S. 488, 496 (1973); *see also Haskell v. Washington Township*, 864 F.2d 1266, 1275-76 (6th Cir. 1988).  The instant Plaintiff has merely set forth a speculative claim of injury, and a speculative claim of injury lacks standing. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105-110 (1983).

Although the Plaintiff also contends that his equal protection rights have been violated, he fails to present any facts to support such a claim.  "To state a claim under the equal protection clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class."  *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1111 (6th Cir. 1995) (citing *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990)).  In order to establish a violation of the equal protection clause of the Fourteenth Amendment, an inmate must prove that a racially discriminatory intent or purpose was a factor in the decision of officials.  *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995) (citing *See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265-66 (1977)).

Plaintiff Gamble's allegation of an equal protection claim and his claim that the Jail is in contempt of some unidentified court order suffer the same fatal infirmity, *i.e.*, the Plaintiff has failed to state a claim upon which the Court may grant relief.  He has failed to set forth the factual basis of the claim in a manner that gives the Defendants proper notice of their purported illegal actions and does not require either the Defendants or this Court to "conjure up unpled allegations."  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

"A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim.  But when a complaint omits the facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied*, 431 U.S. 914 (1977)).  Moreover, conclusory statements are insufficient under Section 1983.  *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994) (citing *See Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945 (1987)).

Finally, to the extent that the Plaintiff has claimed a violation of the Constitution of the Commonwealth of Kentucky, his allegations fail in two respects.  First, like the equal protection and contempt of court claims, this claim lacks any specificity as to what portion of the State Constitution is meant and what acts the Defendants committed to violate it.  *See Wells v. Brown*, 891 F.2d at 594.  Even more important, however, is the fact that the federal claims herein have failed.  When a plaintiff has no federal cause of action, a district court may exercise its discretion to dismiss pendent state law claims.  *Gregory v. Hunt, et al.*, 24 F.3d 781 (6th Cir. 1994).  *See also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

The Court concludes that dismissal of this cause of action is appropriate for Plaintiff's failure to state a claim upon which the Court may grant relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, the court being advised,

7

**IT IS ORDERED** that this civil rights action of Gary C. Gamble, Jr., is **DISMISSED**, *sua sponte*, without prejudice, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This 7th  day of May, 2008.



Signed By:

*William O. Bertelsman*   WOB

**United States District Judge**